UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK CORP.;<br>DISH NETWORK LLC; AND<br>DISH NETWORK SERVICE LLC<br><br>Defendants. | Case No. 2:22-cv-76<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Entropic Communications, LLC ("Entropic"), files this complaint for patent infringement against Defendants Dish Network Corporation, Dish Network L.L.C., and Dish Network Service L.L.C. (collectively, "DISH") and in support thereof alleges and avers as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271, based on infringement of U.S. Patent Nos. 7,130,576 ("the '576 Patent"), 7,542,715 ("the '715 Patent"), and 8,792,008 ("the '008 Patent") (collectively "the Patents-in-Suit").

## THE PARTIES

2. Entropic is a Delaware limited liability company with an office address of 7150 Preston Rd. Suite 300, Plano, Texas 75024.

3. On information and belief, Defendant Dish Network Corporation is a corporation established under the laws of the State of Nevada, with a principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

4. On information and belief, Defendant Dish Network L.L.C. is established under the laws of the State of Colorado, with a principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

5. Dish Network L.L.C. has as its registered agent in Texas, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

6. On information and belief, Defendant Dish Network Service L.L.C. is established under the laws of the State of Colorado, with a principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

7. Dish Network Service L.L.C. has as its registered agent in Texas, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

8. On information and belief, DISH has several authorized dealers in this district including, but not limited to, in Longview, Texarkana, Emory, Athens, Palestine, Wills Point Sulphur Springs and Lufkin. *See* https://www.dish.com/find-retailer.

9. On information and belief, DISH owns or leases, and maintains and operates several Local Receive Facilities (LRFs) in this district.

10. On information and belief, in each of those LRFs, DISH owns and stores equipment such as receivers and servers. Each of these LRFs are used to acquire and transmit local television channels over the DISH spectrum to DISH customers.

11. On information and belief, DISH employs personnel that install, service, repair and/or replace equipment associated with the LRFs, as appropriate, in this district.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

13. This Court has personal jurisdiction over DISH in this action because DISH has committed acts of infringement within the State of Texas and within this district through, for example, the provision of satellite television services by DISH utilizing devices provided by DISH as described in the counts herein ("Accused Satellite Television Services").

14. The Accused Satellite Television Services are available for subscription online from the DISH website.

15. The Accused Satellite Television Services are available for subscription from various physical stores, including the brick and mortar location at 801 K Avenue, Plano, Texas 75074.

16. The devices provided by DISH to supply the Accused Satellite Television Services are provided to customers in this district and may be obtained by customers from physical locations in this district, including at 801 K Avenue, Plano, Texas 75074.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Venue is proper because DISH has committed and continues to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling Accused Satellite Television Services in this district, and/or importing Accused Satellite Television Services into this district, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein in this district.

18. DISH has regular and established places of business in this district, including at least at 6826 Industrial Rd #D, Beaumont, Texas 77705:



https://www.google.com/maps/@29.9877219,-94.2059833,3a,43.6y,310.63h,87.12t/data=!3m7!1e1!3m5!1sZoqooNoTRZyV1pq8r1aFqQ!2e0!6shttps:%2F%2Fstreetviewpixels-pa.googleapis.com%2Fv1%2Fthumbnail%3Fpanoid%3DZoqooNoTRZyV1pq8r1aFqQ%26cb_client%3Dmaps_sv.tactile.gps%26w%3D203%26h%3D100%26yaw%3D64.17555%26pitch%3D0%26thumbfov%3D100!7i13312!8i6656.

19. DISH has regular and established places of business in this district, including at least at 2100 Couch Drive, McKinney, Texas 75069:

-5-



https://www.google.com/maps/@33.1724269,-96.6127357,3a,75y,53.57h,93.08t/data=!3m6!1e1!3m4!1s60g9IRAJzCyJ5bnYltEwrA!2e0!7i16384!8i8192.

20. There are also DISH retail stores in the district, including a "Premier Local Retailer" at 801 K Avenue, Plano, Texas 75074, as also shown below.



https://www.dishbeatscable.com/contact-us/.

21. DISH targets its advertisements to residents of this district.

22. DISH continues to conduct business in this judicial district, including one or more acts of making, selling, using, importing and/or offering for sale Accused Satellite Television Services and providing support service to customers in this district.

## THE PATENTS-IN-SUIT

23. On October 31, 2006, the '576 Patent, entitled "Signal Selector and Combiner for Broadband Content Distribution," was duly and legally issued by the United States Patent and Trademark Office.

24. On August 11, 2009, the United States Patent and Trademark Office issued a Reexamination Certification of the '576 Patent.

25. The '576 Patent was duly assigned to Entropic. A true and accurate copy of the '576 Patent is attached hereto as Exhibit A.

26. On June 2, 2009, the '715 Patent, entitled "Signal Selector and Combiner for Broadband Content Distribution," was duly and legally issued by the United States Patent and Trademark Office. The '715 Patent was duly assigned to Entropic. A true and accurate copy of the '715 Patent is attached hereto as Exhibit B.

27. On July 29, 2014, the '008 Patent, entitled "Method and Apparatus for Spectrum Monitoring," was duly and legally issued by the United States Patent and Trademark Office. The '008 Patent was duly assigned to Entropic. A true and accurate copy of the '008 Patent is attached hereto as Exhibit C.

28. Entropic is the owner by assignment of all rights, title, and interest in the Patents-in-Suit.

## ENTROPIC'S LEGACY AS A SATELLITE INNOVATOR

29. Entropic Communications Inc., the predecessor-in-interest to Entropic, was founded in San Diego, California in 2001 by Dr. Anton Monk, Itzhak Gurantz, Ladd El Wardani

and others. Entropic Communications Inc. was instrumental in the development of the Multimedia over Coax Alliance ("MoCA") standard, Direct Broadcast Satellite ("DBS") Outdoor Unit ("ODU") single wire technology, and System-on-Chip ("SoC") solutions for set-top boxes ("STBs") in the home television and home video markets.

30.     Dr. Monk received his Bachelor of Science degree and Doctorate in Electrical Engineering from the University of California San Diego and a Master of Science in Electrical Engineering from the California Institute of Technology.

31.     Under the guidance of Dr. Monk, Entropic Communications Inc. grew to an eventual public listing on the NASDAQ in 2007. After the public listing, the company acquired RF Magic, Inc. in 2007, a company specializing in DBS ODU technology and hardware.

32.     Additional growth between 2007 and 2015 bolstered the technical expertise of Entropic Communications Inc., including satellite signal acquisition, digital signal stacking, and signal distribution.

33.     For years, Entropic Communications Inc. pioneered cutting edge DBS ODU technology. This technology simplified the installation required to support simultaneous reception of multiple channels from multiple satellites over a single cable. The company's DBS ODU products include various integrated circuits and SoCs for band translation switches, channel stacking switches, and digital channel stacking switches. The DBS ODU technology was deployed as an industry leading solution in global DBS operators, including DISH.

34.     In 2015, MaxLinear, Inc.—a leading provider of radio-frequency (RF), analog, digital, and mixed-signal semiconductor solutions—acquired Entropic Communications Inc. and the pioneering intellectual property developed by Dr. Monk and his team.

35. For years, satellite providers such as DISH relied upon products produced in whole or in part by Entropic Communications Inc. (and later MaxLinear, Inc.) to enable their services for customers.

36. The Patents-in-Suit are the result of years of research and development in satellite and cable technology. These innovations have enabled DISH to provide enhanced and expanded services to customers, which in turn has increased revenues for DISH while at the same time reducing the costs.

## FIRST CAUSE OF ACTION

### (Infringement of the '576 Patent)

37. Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 36 as if set forth herein.

38. Entropic owns all substantial rights, interest, and title in and to the '576 Patent, including the sole and exclusive right to prosecute this action and enforce the '576 Patent against infringers, and to collect damages for all relevant times.

39. An outdoor unit ("ODU") is typically located, as the name suggests, outside of a customer's home. For example, an ODU often includes a dish antenna, one or more feed horns, one or more low-noise block converters ("LNB" or "LNBF"), and one or more processing units. The processing units can be located within the ODU itself or in a multiswitch unit located between the ODU and devices within the customer's home. An ODU is generally responsible for receiving satellite broadband signals from one or more satellites, processing the received signals, and providing the processed signals to one or more devices, such as an integrated receiver decoder unit, located within the customer's home. These in-home devices can decode (or otherwise process) the signals received from the ODU. The in-home devices can output television programming to a customer's television and provide video recording functionality.

40. The '576 Patent generally describes the process of an ODU receiving satellite broadband signals, combining certain extracted signals into a composite signal, and transmitting that composite signal from the ODU to an integrated receiver decoder unit, without changing the modulation of the signal. This transmission historically required separate wires running from the ODU to each integrated receiver decoder unit. The '576 Patent provides the benefit of single wire transmission from the ODU to interior integrated receiver decoder units. DISH implements this single wire transmission to provide the Accused Satellite Television Services by supplying and using, for example, signal selector and combiner ("SSC") products.

41. DISH has made, used, sold, and offered for sale Accused Satellite Television Services that utilize SSC devices, which include SSC-enabled LNBs (for example, DISH Pro-Hybrid LNBF) and switches (for example, DPH42).

42. DISH further has made, used, imported, supplied, distributed, sold, offered for sale, and leased SSC devices that perform the Accused Satellite Television Services.

43. DISH directly infringes the method of at least Claim 14 of the '576 Patent during the provision of the Accused Satellite Television Services by utilizing, for example, the SSC devices provided by DISH.

44. The SSC devices remain the property of DISH even when deployed at the property of a customer.

45. The Accused Satellite Television Services operate in a manner controlled and intended by DISH.

46. DISH has been and is aware of the '576 Patent.

47. As set forth in the attached non-limiting claim chart (Exhibit D), DISH has directly infringed and is infringing at least Claim 14 of the '576 Patent by using, selling, and offering for sale the Accused Satellite Television Services.

48. Additionally, the use of the Accused Satellite Television Services by DISH to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claim 14 of the '576 Patent.

49. Entropic has been damaged as a result of the infringing conduct alleged above. DISH is liable to Entropic in an amount that compensates Entropic for DISH's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

50. Entropic has complied with 35 U.S.C. § 287 with respect to the '576 Patent.

## SECOND CAUSE OF ACTION

**(Infringement of the '715 Patent)**

51. Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 50 as if set forth herein.

52. Entropic owns all substantial rights, interest, and title in and to the '715 Patent, including the sole and exclusive right to prosecute this action and enforce the '715 Patent against infringers, and to collect damages for all relevant times.

53. The '715 Patent generally describes a system that receives a plurality of channels from an LNBF, a frequency translator that shifts channels to new carrier frequencies, a signal combiner capable of combining at least two signals to produce a composite signal having the same modulation as the LNBF channels, where the composite signal is transmitted on a coax cable to a gateway (for example, a Hopper3).

54. DISH has used, sold, and offered for sale the Accused Satellite Television Services that utilize gateway systems, which include SSC-enabled LNBs (for example, DISH Pro-Hybrid LNBF) and switches (for example, DPH42) used with gateways such as the Hopper3.

55. DISH further has made, used, imported, supplied, distributed, sold, offered for sale, and leased gateway systems that perform the Accused Satellite Television Services.

56. DISH directly infringes at least Claim 9 of the '715 Patent during provision of the Accused Satellite Television Services by utilizing, for example, the gateway devices provided by DISH.

57. The gateway systems remain the property of DISH even when deployed at the property of a customer.

58. The Accused Satellite Television Services operate in a manner controlled and intended by DISH.

59. DISH has been and is aware of the '715 Patent.

60. As set forth in the attached non-limiting claim chart (Exhibit E), DISH has directly infringed and is infringing at least Claim 9 of the '715 Patent by using, importing, selling, leasing, and offering for sale the Accused Satellite Television Services.

61. Additionally, the use of the Accused Satellite Television Services by DISH to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claim 9 of the '715 Patent.

62. Entropic has been damaged as a result of DISH's infringing conduct alleged above. DISH is liable to Entropic in an amount that compensates Entropic for DISH's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

63. Entropic has complied with 35 U.S.C. § 287 with respect to the '715 Patent.

## THIRD CAUSE OF ACTION

### (Infringement of the '008 Patent)

64. Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 63 as if set forth herein.

65. Entropic owns all substantial rights, interest, and title in and to the '008 Patent, including the sole and exclusive right to prosecute this action and enforce the '008 Patent against infringers, and to collect damages for all relevant times.

66. The '008 Patent generally describes a system that receives a signal having a range of frequencies, the digitization of the received signal, and reporting of certain signal characteristics to the source of the received signal.

67. DISH has used, sold, and offered for sale Accused Satellite Television Services that utilize monitoring equipment which include certain monitoring devices (for example, Hopper3).

68. DISH further has made, used, imported, supplied, distributed, sold, offered for sale, and leased monitoring devices that perform the Accused Satellite Television Services.

69. DISH directly infringes at least Claim 3 of the '008 Patent during the provision of the Accused Satellite Television Services by utilizing, for example, the monitoring devices provided by DISH.

70. The monitoring devices remain the property of DISH even when deployed at the property of a customer.

71. The Accused Satellite Television Services operate in a manner controlled and intended by DISH.

72. DISH has been and is aware of the '008 Patent.

73. As set forth in the attached non-limiting claim chart (Exhibit F), DISH has directly infringed and is infringing at least Claim 3 of the '008 Patent by using, importing, selling, leasing, or offering for sale the Accused Satellite Television Services.

74. Additionally, the use of the Accused Satellite Television Services by DISH to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claim 3 of the '008 Patent.

75. Entropic has been damaged as a result of DISH's infringing conduct alleged above. DISH is liable to Entropic in an amount that compensates Entropic for DISH's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

76. Entropic has complied with 35 U.S.C. § 287 with respect to the '008 Patent.

## JURY DEMAND

Entropic hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Entropic requests that:

A. The Court find that DISH has directly infringed the Patents-in-Suit and hold DISH liable for such infringement;

B. The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Entropic for DISH's past infringement of the Patents-in-Suit, including both pre- and post-judgment interest and costs as fixed by the Court;

C. The Court increase any award to Entropic by a judicially appropriate amount;

D. The Court declare that this is an exceptional case entitling Entropic to its reasonable attorneys' fees under 35 U.S.C. § 285; and

E. The Court award such other relief as the Court may deem just and proper.

Dated: March 8, 2022                                Respectfully submitted,

                                                                                               /s/ James Shimota (by permission Wesley Hill)
James Shimota – Lead Attorney
(pro hac vice forthcoming)
Jason Engel (pro hac vice forthcoming)
George Summerfield
Devon Beane (pro hac vice forthcoming)
Erik Halverson (pro hac vice forthcoming)
**K&L GATES LLP**
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
devon.beane@klgates.com
erik.halverson@klgates.com

Brian Bozzo (pro hac vice forthcoming)
**K&L GATES LLP**
210 Sixth Ave.
Pittsburgh, PA 15222
Tel.: (412) 355-6500
Fax: (412) 355-6501
brian.bozzo@klgates.com

Wesley Hill
Texas Bar No. 24032294
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel:  (903) 757-6400
Fax  (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**